Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSE L. MONTEZ,<br><br>                Defendant. | Case No. 3:06-cr-0052-TMB<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss: |

        Kevin F. McCoy, being first duly sworn upon oath, deposes and says as follows:

        1.        I am the attorney for Jose L. Montez.

        2.        Mr. Montez resides in Madera, California and appeared by telephone at his August 14, 2006, arraignment. I have only been able to speak with Mr. Montez by telephone.

        3.        The purpose of this motion is to ask that trial be rescheduled and that a new pretrial motions deadline be established.

4. The information alleges a violation of 18 U.S.C. §§ 13(a) and 7(3), the Assimilated Crimes Act, and charges Mr. Montez with driving while intoxicated on March 26, 2006.

**The Alleged Offense Occurred At An Extremely Remote Location**

5. The alleged offense occurred on March 26, 2006, on Eareckson Air Station, which is located on Shemya Island.

6. This is one of the most remote locations in Alaska because Shemya Island is immediately east of Attu Island, the most distant island in the Aleutian Chain.

7. On information and belief, flight time from Anchorage to Shemya Island, exclusive of stops on Unalaska Island and Adak Island, approaches ten hours. Also, on information and belief, there are no commercial flights between Anchorage and Shemya Island.

**Fed.R.Crim.P. 16 Discovery Is Not Complete**

8. On Mr. Montez's behalf, I requested discovery pursuant to Fed.R.Crim.P. 16 and the government produced discovery that is appended to this affidavit as Exhibit A. This discovery revealed that on March 26, 2006, at about 9:45 a.m., an accident occurred while Mr. Montez was returning a fire truck to the fire station at Eareckson Air Station on Shemya Island.

9. On September 11, 2006, I submitted an additional more-focused discovery request to the government pursuant to Fed.R.Crim.P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Exhibit B (Letter to Capt. Peter Kezar).

10. This discovery request sought evidence that Mr. Montez had been offered an independent test in accordance with AS 28.35.35(e), photographs of the scene, and the various calibration reports and operator qualifications of the person who administered the breath test to Mr. Montez.

11. The discovery request also sought disclosure of *Brady* material because a number of witnesses to the event reported that Mr. Montez exhibited no symptoms of intoxication before the fire truck struck the concert transfer box while traveling at a speed of five to ten miles an hour.

12. On September 12, 2006, I received an e-mail responding to Mr. Montez's discovery request indicating that he would be unavailable on temporary duty and leave through October 9, 2006, and that I should contact Assistant U.S. Attorney Crandon Randell.

13. I contacted Mr. Randell on September 12, 2006. Mr. Randell requested that I forward my discovery request directly to him together with a copy of the discovery materials produced to date.

14. On September 13, 2006, Mr. Randell informed me that there was additional discovery in the form of statements by Mr. Montez that had not previously been disclosed, as well as calibration information regarding the breath testing instrument used in the case and photographs taken on Shemya Island.

15. Mr. Randell indicated that the additional discovery would be immediately produced.

## Basis for Continuance

16. Defense investigation indicates that at least four percipient witnesses who would present exculpatory evidence at trial currently reside on Shemya Island. The logistics of getting these witnesses subpoenaed and then transported to Anchorage for trial prevent me from being ready for trial under the present schedule.

17. Given the incomplete discovery, which may generate pretrial motions, together with the remote location of this event and the percipient witness, it is wholly appropriate to reschedule trial in this matter and to establish a new pretrial motions deadline.

18. On September 13, 2006, I spoke with Assistant U.S. Attorney Crandon Randell. Mr. Randell indicated that the government does not oppose this request.

19. I will be out-of-district from October 3, 2006, through October 9, 2006, and would ask that trial not be set in this matter before the week of October 26, 2006.

20. Under these circumstances I submit that time under the speedy trial should be excluded under 18 U.S.C. § 3161(h)(1)(F)(delay resulting from the filing of any pretrial motion), and 18 U.S.C. § 3161(h)(8)(A)(ends of justice exception applicable based in this case on the remoteness of the witnesses involved and the need to maintain continuity of counsel).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
KEVIN F. McCOY

SUBSCRIBED AND SWORN to before me this 14th day of September 2006.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on September 14, 2006,
a copy of the *Affidavit of Counsel*
was served electronically on:

Captain Peter Kezar
3WG/JA
8517 20th Street, Suite 330
Elmendorf AFB, AK 99506

s/Kevin F. McCoy