# Federal Public Defender
## for
## The District of Alaska

Rich Curtner
Federal Public Defender

601 West Fifth Ave., Suite 800
Anchorage, Alaska 99501

Phone: (907) 646-3400/FAX: (907) 646-3480

September 11, 2006

Capt. Peter S. Kezar
3 WG/JA
8517 20th Street, Suite 330
Elmendorf, AFB, Alaska 99506

    Re:    *United States v. Jose L. Montez*, 3:06-cr-00052-TMB

    By:    Mail and by Fax to (907) 552-0119

Dear Peter:

### Introduction

Please accept this letter as Mr. Montez's formal request for discovery under Fed.R.Crim.P. 12(b)(4) and 16 (a)(1)(A), (B), (C), (D), and (E). The government has readily supplied discovery in this case. However, my review of what has been provided suggests that discovery may be incomplete.

### Reason for the Discovery Request

As I indicated on the phone, there appears to be no evidence that Jose Montez was impaired by alcohol or by any other intoxicant before the accident with the fire truck.

My investigator has interviewed a number of witnesses who were with Mr. Montez at the morning "fall out," and who were with him that morning when he was driving the truck. None of them report any evidence of impairment and there is no indication in the investigative reports of any physical impairment. These witnesses are all trained firefighters and as EMT's are trained to notice impairment and none of them report any indication that Mr. Montez was drinking.

Based on our conversation this afternoon, it appears that the witnesses you have interviewed have confirmed these representations.

Capt. Peter S. Kezar
September 11, 2006
Page 2

There is no evidence that Mr. Montez smelled of alcohol, no evidence that he slurred his speech, no evidence of bloodshot eyes, and no evidence of motor difficulties before or after the accident. No one administered field sobriety tests to Mr. Montez. Officer Terr'e L. Gales' official report omits any reference to alcohol or drug impairment. Instead, Officer Gales reports that the cause of the accident was that "[t]he driver misjudged the location of the transfer box and entered into the turn at a rate of speed that was too high for the vehicle."

Obviously, the breath test result administered at 11:29 and 11:47 are troubling. However, my concern is that the discovery provided to date fails to confirm that the breath test results, even if accurate, would be admissible at trial.

### General Discovery Requests

Accordingly, please accept this letter as Mr. Montez's request for discovery under Fed.R.Crim.P. 12(b)(4) and 16 (a)(1)(A), (B), (C), (D), and (E).

### Specific Fed.R.Crim.P. 12(b)(4) Request

In this regard, I have a specific request. First, Fed.R.Crim.P. 12(b)(4) provides for early disclosure of information needed for pretrial motions. The discovery provided reveals that Mr. Montez took two breath tests. AS 28.35.035(e) provides in part as follows:

> The person who administers the chemical test shall clearly and expressly inform the person tested of that person's right to an independent test described under this subsection, and, if the person being tested requests an independent test, the department shall make reasonable and good faith efforts to assist the person qualified to perform an independent chemical test of the person's breath or blood.

DWI investigating authorities have a protocol which is documented in writing and by audio or video recording to insure that an independent test was offered and that the test subject either requested or refused the offer of an independent test. Failure to offer the independent test requires suppression of the breath test results. *See Ahtuangaruak v. State*, 820 P.2d 310 (Alaska App. 1991); *Gunderson v. Anchorage*, 792 P.2d 673, 674 (Alaska 1990); *Ward v. State*, 758 P.2d 87, 90 (Alaska 1988); *Anchorage v. Serrano*, 649 P.2d 256, 259 (Alaska App. 1982); *Lauderdale v. State*, 548 P.2d 376, 381 (Alaska 1976). So that I may determine whether a motion to suppress should be filed, I am requesting all evidence and all documentation establishing compliance/non-compliance with the independent test procedures.

Capt. Peter S. Kezar
September 11, 2006
Page 3

### Specific Fed.R.Crim.P. 16(a)(1)(E) Request

In this regard, I have two specific requests I have not received any photographs, video tapes, or audio tapes in the discovery provided to date. I am therefore assuming that the government does not intend to introduce any photographs, video tapes, or audio tapes at trial. If this assumption is mistaken, I would appreciate obtaining access to any photographs, video tapes, and audio tapes at your earliest convenience.

The discovery provided does indicate an intent to introduce the breath test results. AS 28.35.033(f) provides:

> Upon the request of the person who submits to a chemical test at the request of a law enforcement officer, full information concerning the test, including the results of it, shall be made available to the person or the person's attorney.

In this regard, I would like to have an opportunity to see the testing instrument that produced the test results or at least have it identified so that I can determine whether proper procedures were followed when the breath tests were given to Mr. Montez. This information would also enable us to determine whether the test was administered in accordance with the state requirements set forth in 13 ACC 63 *et. seq.*

### Specific Fed.R.Crim.P. 16(a)(1)(F) & (E)

This portion of the discovery rule relates to expert reports and expert witnesses. Fed.R.Evid. 702 authorizes admission of scientific, technical, or other specialized knowledge if it will assist the trier of fact. Testimony regarding breath testing qualifies as expert testimony. I am assuming that the government intends to call Michael J. Yager, the person who administered the breath tests.

Accordingly, pursuant to these rules I am asking that the government provide a written summary of Mr. Yager's testimony that includes a description of his opinions, the bases and reasons for his opinions, and his qualifications to testify about the breath test result in Mr. Montez's case.

In this regard, I am specifically requesting the following information:

- Mr. Yager's qualifications to administer the breath tests in this case;

- Verification that Mr. Yager was qualified to operate the breath testing instrument in this case

Capt. Peter S. Kezar
September 11, 2006
Page 4

- Verification that the breath testing instrument used in this case was properly calibrated;

- Verification that a blank sample was run;

- Verification that a known internal standard was run.

### Brady Material

Finally, please also accept this letter as Mr. Montez's' request for disclosure of all exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitely*, 514 U.S. 419 (1995). In this regard, it appears that a number of witnesses interviewed by the government confirm that Mr. Montez exhibited no impairment before or after the accident. Since this evidence has a tendency to exculpate Mr. Montez, it must be disclosed as *Brady* material. In this regard, please identify and provide summaries of all evidence that indicates that Mr. Montez exhibited no signs of impairment on the day in question.

Please let me know if you have any problems with these requests at your earliest convenience. Motions are due on September 14, 2006, and we may want to agree to an extension of time. I will be calling soon.

Sincerely yours,

Kevin F. McCoy
Assistant Federal Defender

    cc:    Jose L. Montez

    cc:    Crandon Randell

Exhibit B - Page 4 of 4