Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:06-cr-0052-TMB |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF *IN LIMINE* MOTION TO EXCLUDE BREATH TEST EVIDENCE, OR, IN THE ALTERNATIVE, REQUEST FOR *DAUBERT* HEARING** |
| vs. | |
| JOSE L. MONTEZ, | |
| Defendant. | |

## I.    Introduction.

The government filed an information alleging that on March 26, 2006, Jose L. Montez drove while under the influence of alcohol at Eareckson Air Station on Shemya Island in violation of the Assimilated Crimes Act.  The purpose of the Assimilated Crimes Act is to conform criminal law of federal enclaves to that of local law unless specific federal crimes have been enumerated. *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir. 1978).  The information alleges that Mr. Montez violated AS 28.35.030 as assimilated by 18 U.S.C. § 13(a) and 18 U.S.C. § 7(3).

Mr. Montez pleaded not guilty and timely requested discovery pursuant to Fed.R.Crim.P. 16.  The government produced discovery that included a printout indicating that

someone administered two breath tests to determine Mr. Montez's blood alcohol levels.  *See* Tab A

(Alcohol Testing Form (Non DOT) with printouts).

The government may seek to present this evidence at trial.  Mr. Montez respectfully

submits that this breath test evidence is inadmissible under *Daubert v. Merrell Dow*

*Pharmaceuticals*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and

Fed.R.Crim.P. 702.  The matter is now before the court on Mr. Montez's *in limine* request to exclude

this evidence, or in the alternative, his request for a *Daubert* hearing on the admissibility of the two

breath tests in this case.

II.    **Argument**

A.    **The Law Governing Admissibility of Scientific Evidence In Federal Courts.**

The law governing the admissibility of scientific evidence in federal courts begins

with Fed.R.Evid. 702.  This rule provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to determine a
> fact in issue, a witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify thereto in the form of
> an opinion or otherwise, if (1) the testimony is based upon sufficient
> facts or data, (2) the testimony is the product of reliable principles
> and methods, and (3) the witness has applied the principles and
> methods to the facts of the case,

Fed.R.Crim.P. 16(a)(1)(G) requires the government to:

> [G]ive to the defendant a written summary of any testimony that the
> government intends to use under Rules 702, 703, or 705 of the
> Federal Rules of Evidence during its case-in-chief at trial.

\* \* \* \*

The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The response to Mr. Montez's request for expert testimony disclosure is not sufficient to establish that the breath test evidence in this case will meet the threshold reliability standards required by Fed.R.Evid. 702.

In *Daubert v. Merrell Dow*, 509 U.S. 579, 587; 113 S.Ct. 2786; 125 L.Ed.2d 469 (1993), the U.S. Supreme Court declared that the *Frye* "general acceptance" test did not survive adoption of the federal rules of evidence. At the same time, the Supreme Court imposed a requirement that with respect to scientific evidence, the trial judge under the federal rules must act as a gate keeper, screening scientific evidence to ensure reliability. *Daubert*, 509 U.S. at 589. After *Daubert*, some question remained as to whether the new rule applied to all expert testimony and not just scientific expert testimony. The Supreme Court answered that question in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 140; 119 S.Ct. 1167, 1174; 143 L.Ed.2d 238 (1999), when it held that *Daubert* applies to all expert testimony, not just scientific opinion testimony.

*Daubert* offered five factors for the trial court to consider in its role as gatekeeper for expert testimony.

- Whether the theory or technique can be and has been tested – that is whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach which cannot reasonably be assessed for reliability;

- Whether the theory or technique has been subjected to peer review and publication;

- Whether a known or potential error rate of the technique or theory as applied has been established;

- Whether standards are in place for controlling operation of the technique;

- Whether the theory or technique at issue enjoys general acceptance within the relevant community.

After *Daubert* and *Kumho Tire*, Fed.R.Evid. 702 was amended in 2000. The rule now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand that evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Extensive Advisory Committee notes accompanying the 2000 amendment of Fed.R.Evid. 702 explain how the courts are to perform its gatekeeping function. The commentary offers five additional factors which are relevant to determining whether expert testimony is sufficiently reliable to be considered by the trier of fact. The factors included the following:

- Whether experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of litigation, or whether they have developed their opinions expressly for the purposes of testifying;

- Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;

- Whether the expert has adequately accounted for obvious alternative conclusions;

- Whether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting;

- Whether the field of expertise claimed by the expert is known to reach reliable results.

Commentary to 2000 Amendments to Fed.R.Evid. 702.

**B.     Threshold Reliability Is The Key.**

Threshold reliability is the key to admissibility.  For example, the State of Alaska proscribes strict standards to insure that breath test results offered in drunk driving prosecutions are reliable.  These standards are illustrative of threshold reliability requirements.

AS 28.35.033(d) provides that:

> To be considered valid under the provisions of this section the chemical analysis of the person's breath or blood shall have been performed according to methods approved by the Department of Public Safety.  The Department of Public Safety is authorized to approve satisfactory techniques, methods, and standards of training necessary to ascertain the qualifications of individuals to conduct the analysis.  If it is established at trial that a chemical analysis of the breath or blood was performed according to approved methods, and standards of training approved by the Department of Public Safety, there is a presumption that the test results are valid and further foundation for introduction of the evidence is unnecessary.

Training standards for test administrators and approved techniques, methods and standards of training approved by the Department of Public Safety are found at 13 ACC 63.005 *et. seq.*  These standards are vigorous and demanding.  *See* 13 ACC 63.020 (Breath Test Instruments Approved For Analysis); 13 ACC 63.040 (Procedure For Breath Test Analysis); 13 ACC 63.050 (Breath Test Operator Certification); 13 ACC 63.070 (Breath Test Supervisor Certification); and 13 ACC 63.100 (Breath Test Instrument Calibration and Certification).

As an additional threshold reliability guarantee, the State of Alaska requires the breath test administrator to offer an additional independent test to every person asked to submit to a breath test. AS 28.35.033(e).  Failure to offer the additional independent test requires suppression of the breath test results in a resulting driving while under the influence prosecution.  *Ahtuangaruak v. State*, 820 P.2d 310 (Alaska App. 1991); *Gunderson v. Anchorage*, 792 P.2d 673, 674 (Alaska 1990);

*Ward v. State*, 758 P.2d 87, 90 (Alaska 1988); *Anchorage v. Serrano*, 649 P.2d 256, 259 (Alaska

App. 1982); *Lauderdale v. State*, 548 P.2d 376, 381 (Alaska 1976).

As a final assurance of threshold reliability, AS 28.35.033 requires disclosure of "full

information concerning the test" to the person or to the person's attorney if a driving while

intoxicated prosecution is initiated.

The government has yet to produce sufficient information to justify a determination

that the breath test results in this case meet the threshold admissibility requirements of Fed.R.Evid.

702, *Daubert*, or *Kumho Tire.*


## III.    Conclusion.

For these reasons, Mr. Montez seeks an *in limine* order excluding the breath test

results in this case.  In the alternative, Mr. Montez asks the court to schedule the matter for a

*Daubert/Khumo Tire* hearing to determine the admissibility of breath test evidence prior to trial


DATED at Anchorage, Alaska this 2nd day of October 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
Alaska Bar No. 7705042
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:         907-646-3400
Fax:             907-646-3480
E-Mail:        kevin_mccoy@fd.org

<u>Certification</u>:

I certify that on October 2, 2006,
a copy of the ***Memorandum in Support
of In Limine Motion to Exclude Breath
Test Evidence, Or, in the Alternative,
Request for Daubert Hearing*** was served
electronically on:

Captain Peter Kezar
3WG/JA
8517 20th Street, Suite 330
Elmendorf AFB, AK 99506

and a copy was hand delivered to:

Crandon Randell
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy_____