Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JOSE L. MONTEZ,<br><br>                    Defendant. | Case No. 3:06-cr-0052-TMB<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss: |

   Kevin F. McCoy, being first duly sworn upon oath, deposes and says as follows:

### Introduction

  1.  I am the attorney for Jose L. Montez.

  2.  Mr. Montez resides in Madera, California and appeared by telephone at his August 14, 2006, arraignment.  Since that time I have only been able to speak with Mr. Montez by telephone.

3. Trial is presently set for October 31, 2006. The final pretrial conference is presently set for October 26, 2006.

4. The purpose of this motion is to ask that trial be rescheduled so that the pending *Daubert* motion, presently pending before the Magistrate Judge can be resolved in an orderly fashion.

5. This motion represents the second request to reschedule the trial in this matter.

**The Alleged Offense Occurred At An Extremely Remote Location**

6. The information alleges a violation of 18 U.S.C. §§ 13(a) and 7(3), the Assimilated Crimes Act, and charges Mr. Montez with driving while intoxicated on March 26, 2006.

7. The alleged offense occurred on March 26, 2006, on Eareckson Air Station, which is located on Shemya Island.

8. This is one of the most remote locations in Alaska because Shemya Island is immediately east of Attu Island, the most distant island in the Aleutian Chain.

9. The U.S. Marshals Service has advised me that there are no commercial flights between Anchorage and Shemya Island.

10. The remote location of the alleged offense and the fact that Mr. Montez resides in California make this case unusual and difficult to investigate.

***Daubert* Motion Referred To Magistrate Judge**

11. Mr. Montez filed a motion challenging the admissibility of the breath test results at Docket No. 25. The government opposed the motion at Docket No. 38. On October 11, 2006, this motion was referred to the Magistrate Judge for a report and recommendation.

12.     The Magistrate Judge has set the matter on for a scheduling and planning conference for October 19, 2006.  *See* Docket No. 46.

13.     A continuance is necessary because the motion at Docket No. 25 cannot be resolved in accordance with the present trial schedule.

### Fed.R.Crim.P. 16 Discovery Remains Outstanding

14.     Mr. Montez submitted a written request for discovery pursuant to Fed.R.Crim.P. 16 (a)(1)(G).  The government has indicated that it intends to call expert witnesses who will discuss "the meaning of a 0.10 and 0.89 blood alcohol level, how long an ordinary human being ascends to these alcohol levels, how long it takes to get there, and how long it takes to descend from these levels into a state of relative sobriety."  *See* Docket No. 46, pg. 5.

15.     Fed.R.Crim.P. 16(a)(1)(G) requires written disclosure of the identity of the expert witness, the expert witness's opinions regarding the case at hand, the bases for the opinions, and the witness's qualifications.

16.     As of the date of this motion, Mr. Montez has not received a response to his Fed.R.Crim.P. 16(a)(1)(G) request.

17.     Mr. Montez has also submitted a written request to the government asking for the names and addresses of witnesses it does not intend to call at trial pursuant to *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

18.     As of the date of this motion, Mr. Montez has not received the names and addresses of witnesses the government does not intend to call at trial.

**This Request Creates Excludable Delay**

19.     Under these circumstances I believe that time under the speedy trial should be excluded under 18 U.S.C. § 3161(h)(1)(F) (delay resulting from the filing of any pretrial motion), and 18 U.S.C. § 3161(h)(8)(A) (ends of justice exception applicable based in this case on the remoteness of the client and the percipient witnesses).

20.     On October 18, 2006, I spoke with Assistant U.S. Attorney Crandon Randell. Mr. Randell indicated that he would consult with Captain Peter Kezar and that Captain Kezar would advise the court of the government's position shortly.

21.     For all these reasons, I am asking the court to continue trial in this matter by 45 days.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
KEVIN F. McCOY

SUBSCRIBED AND SWORN to before me this 18th day of October 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 12/20/2008

*United States v. Jose L. Montez*
Case No. 3:06-cr-0052-JDR                                                                                                Page 4

<u>Certification</u>:
I certify that on October 18, 2006,
a copy of the *Affidavit of Counsel*
was served electronically on:

Captain Peter Kezar
3WG/JA
8517 20th Street, Suite 330
Elmendorf AFB, AK 99506

Crandon Randell
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy