Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSE L. MONTEZ,<br><br>      Defendant. | Case No. 3:06-cr-0052-TMB<br><br>**JOSE MONTEZ'S PROPOSED<br>JURY INSTRUCTIONS** |

   Jose Montez proposes the following jury instructions for use at trial.  Mr. Montez's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.), and are set out in abbreviated form below.

   Mr. Montez proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

**PRELIMINARY INSTRUCTIONS**

1.1   Duty of Jury

1.2   The Charge –  Presumption of Innocence

1.3   What is Evidence

1.4   What is not Evidence

1.5   Evidence Admitted for Limited Purpose

1.6   Direct and Circumstantial Evidence

1.7   Rulings on Objections

1.8   Credibility of Witnesses

1.9   Conduct of the Jury

1.11  Taking Notes

1.12  Outline of Trial

**INSTRUCTIONS DURING TRIAL**

2.1   Cautionary Instruction –  First Recess

2.2   Bench Conferences and Recesses

**INSTRUCTIONS AT END OF CASE**

3.0   Cover Sheet

3.1   Duty of Jury to Find Facts and Follow Law

3.2.  Charge Against Defendant Not Evidence –  Presumption of Innocence –  Burden of Proof

    3.6    What is Evidence

    3.7    What is not Evidence

    3.8    Direct and Circumstantial Evidence

    3.9    Credibility of Witnesses

## CONSIDERATION OF PARTICULAR EVIDENCE

    4.1    Statements by Defendant

## JURY DELIBERATIONS

    7.1    Duty to Deliberate

    7.2    Consideration of Evidence

    7.3    Use of Notes

    7.5    Verdict Form

    7.6    Communication with Court

    Mr. Montez requests the following instruction from Volumes I A of O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.):

    12.10  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

In addition, Mr. Montez proposes the following additional instructions, attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

DATED at Anchorage, Alaska this 24th day of October 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
Alaska Bar No. 7705042
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:
I certify that on October 24, 2006,
a copy of *Jose Montez's Proposed Jury Instructions* was served electronically on:

Captain Peter Kezar
3WG/JA
8517 20th Street, Suite 330
Elmendorf AFB, AK 99506

Crandon Randell
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. A**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.