NELSON P. COHEN
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: crandon.randell@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-0052-TMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Supplemental Response to Motion** |
| | ) | **to Exclude Breath Test Evidence** |
| JOSE L. MONTEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW plaintiff United States of America, by and through

counsel, and hereby submits this <u>Supplemental Response</u> to defendant's motion to

exclude Breath Test Evidence.

### No State Action

Defendant in this case is charged with driving under the influence of alcohol,

in violation of AS 28.35.030(a). This law was "adopted" by the federal government

for "areas within Federal jurisdiction." 18 U.S.C. § 13. This adoption of state law

is convenient for situations such as exists on remote government installations.

Since there is no federal law prohibiting driving under the influence, the

government must, necessarily, utilize state law. This does not mean, however, as

defendant desires, that the government is a prisoner to, or held hostage by, state

law. Common sense, reason, and an objective reading of the applicable statute must

play a role. Such an example is the Alaska requirement that people arrested for

driving drunk have a right, by state law, to get an independent chemical test.

Section 28.35.033 of the Alaska Statutes is entitled "Presumptions and

chemical analysis of breath or blood." Subsection (e) of this statute allows a person

detained or arrested for this offense to obtain an independent "chemical test in

addition to the test administered at the direction of *a law enforcement officer*."

(emphasis supplied)  This same subsection specifically refers to "the person under

arrest" seeking an additional test, and directing the "department [of public safety]

to make reasonable and efforts to assist the person being tested."  Well and fine.

The state statute is quite clear. It applies to citizens of the state of Alaska

who drive on Alaska roads and highways patrolled and policed by state employees

working for the Alaska Department of Public Safety. I.e.,  *law enforcement*

*officers*. Cops.

Defendant in this case, Jose Montez, was not a citizen of Alaska driving on

2

an Alaska road or highway patrolled or policed by state employees. No. Defendant

was a contract employee working for a United States government contractor,

driving a United States government owned fire truck on a remote Aleutian Island

government facility unmanned, uninhabited, unvisited, and most likely, unknown-

to-exist by employees of the Alaska Department of Public Safety. Defendant, after

an evening drinking beer, cracked up the government's fire truck while under the

influence, reported the crack up, was interviewed by a government contract

employee, and told to report to the government-contract health clinic for a breath

test.[1]  Therefore, AS 28.35.033(e) does not apply in this case.

Consent to the Test

Defendant in this case was not busted by a law enforcement officer; he was

busted by his employment agreement with the United States government. Attached

hereto are three documents:

1.    <u>Section B. Performance</u> from the CHUGACH  Employee Manual;

2.    CHUGACH MCKINLEY, INC. – SHEMYA (Drug-Free Workplace

      Notice . . . Alcohol/Drug Testing Information, etc.); and

3.    Chugach McKinley, Inc. – Shemya (Receipt & Acknowledgment of

      Employee Manual).

_____

[1] It should be noted that defendant, well aware of his terms of employment, never beefed getting a breath test, and never requested any independent test which was not available within two time zones.

3

Defendant, in exhibit #3, the Receipt & Acknowledgment of Employee Manual, agreed that he "received and read a copy of the CHUGACH Employee Manual . . . ." Section B. Performance of the Manual, exhibit #1, provides, under the heading of  B. **Post-accident**: Drug and alcohol tests after all workplace accidents when required by written drug and alcohol testing or contractual requirements."

Summary

The request by defendant to exclude and kick out the breath test results, based upon AS 28.35.033(a), is misplaced. Defendant well knew the conditions of his employment, and well knew his obligation to take a breath test under these circumstances.

RESPECTFULLY SUBMITTED this 24th day of October, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Crandon Randell
Assistant U.S. Attorney
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: crandon.randell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2006
a copy of the foregoing was served electronically on:

Kevin McCoy
Peter Kezar

s/ Crandon Randell