Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE L. MONTEZ,<br><br>Defendant. | Case No. 3:06-cr-0052-TMB<br><br>**JOSE MONTEZ'S<br>SENTENCING MEMORANDUM** |

## I.      Introduction.

Jose Montez submits this memorandum to assist the court at the change of plea/sentencing hearing set for November 16, 2006.  At that hearing, Mr. Montez will be asking the court to accept his plea as offered, and to sentence in accordance with the parties' Fed.R.Crim.P. 11(c)(1)(C) agreement.  The agreement is outlined at Docket No. 69.

## II.      Rationale For The Parties' Plea Agreement.

The parties' plea agreement allows Mr. Montez to plead guilty without admitting guilt pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) to reckless driving in violation 18

U.S.C. § 13(a), 18 U.S.C. § 7(3) and A.S. 28.35.040. The agreement provides for a probationary sentence with a term of probation of one year, a fine in the amount of $300.00, a special assessment of $25.00, no restitution, and sentencing immediately upon acceptance of the *Alford* plea. The parties will jointly urge the court to accept Mr. Montez's plea and impose sentence in accordance with its terms for the following reasons.

The event in question occurred on March 26, 2006, on Shemya Island. While maneuvering a fire truck so that it could be backed into the fire house on Eareckson Air Station, Mr. Montez struck a concrete conduit box immediately in front of the fire house. The accident is estimated to have happened between 9:30 a.m. and 9:45 a.m., after Mr. Montez and several of his fellow firefighters had been dispatched to a hanger to assist transporting television sets, destined for shipment off the island, between two hangers. Mr. Montez was returning to the fire house when the accident occurred.

Mr. Montez's employment contract mandated a breath test after any accident. At 11:29 a.m. and again at 11:47 a.m., Mr. Montez submitted to an Alco-Sensor IV/RBT IV breath test. The first result was 0.10 and the second result was 0.089.

However, witnesses who saw Mr. Montez that morning at the roll call, as well as witnesses riding with him in the fire truck that morning, were prepared to testify that he did not appear to be under the influence of alcohol at the time he was driving the fire truck, at the time he struck the concrete conduit box, and immediately after the accident. These witnesses would have testified that their professional background included training to detect symptoms of intoxication.[1]

---

[1] Several of these witnesses had training as emergency medical technicians and one had served as a warrant officer for the United States Marshal Service.

*United States v. Jose L. Montez*
Case No. 3:06-cr-0052-JDR                                                                 Page 2

These witnesses included the fire chief, the assistant fire chief, the firefighter riding shot gun in the fire truck, and other firefighters who saw Mr. Montez the morning of the accident. These witnesses would have testified that Mr. Montez did not smell of alcohol, that Mr. Montez did not slur his speech, that Mr. Montez did not have trouble walking, and that except for the accident, Mr. Montez's driving behavior was in all respects normal.

This evidence conflicted with the breath test results. The Alco-Sensor IV /RBT IV is a portable breath testing device that is not approved by the Alaska Department of Public Safety. Moreover, courts have expressed concern regarding threshold admissibility of breath test results from portable breath testing devices under *Daubert*. *See e.g., United States v. Iron Cloud,* 171 F.3d 587 (8th Cir. 1999) and cases cited therein. Hence, the pending *Daubert* challenge to the admissibility of the test results in this case.

Finally, this event occurred on Shemya Island, one of the most remote and least accessible locations in Alaska. There are no commercial flights between Anchorage and Shemya Island and arranging for the transportation of the percipient witnesses for a trial would have been difficult and expensive. Likewise, litigating the *Daubert* question would have been difficult and expensive. Conflicting evidence, the risks and expense associated with the *Daubert* hearing, and logistics and expense associated with transporting percipient witnesses to trial all combined to motivate the parties to reach the negotiated settlement in this case.

## III.    Conclusion.

Obviously, each side to this dispute has its own view of the facts, and the government may not endorse Mr. Montez's view of the facts. Regardless, the parties have reached a compromise

that accommodates 18 U.S.C. § 3553(a), recognizes that Mr. Montez has lost his employment, and

is in all other respects just and practical under the totality of the circumstances.  For these reasons

and for the reasons to be articulated at sentencing, Mr. Montez asks that his plea be accepted as

offered and the sentence be imposed in accordance with the parties' agreement.


DATED at Anchorage, Alaska this 9th day of November 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:          907-646-3400
Fax:            907-646-3480
E-Mail:         kevin_mccoy@fd.org

Certification:
I certify that on November 9, 2006,
a copy of *Jose Montez's Sentencing
Memorandum* was served electronically
on:

Captain Peter Kezar
3WG/JA
8517 20th Street, Suite 330
Elmendorf AFB, AK 99506

Crandon Randell
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562


s/Kevin F. McCoy